The next case today is American Institute for Foreign Study, Inc. et al. v. Laura Fernandez-Jimenez, Appeal No. 20-1641 and Appeal No. 20-1692. Attorney Rosenberg, please introduce yourself for the record and proceed with your argument. Yes, good morning. Nick Rosenberg for the Appellant and Cross Appellee, Ms. Fernandez-Jimenez. May it please the Court, if I may, I'd like to reserve two minutes for rebuttal? Yes. Thank you. Au Pair in America required its au pairs to agree to waive their rights to bring any claims, including class claims, quote, in any forum other than arbitration conducted by the American Arbitration Association. Ms. Fernandez-Jimenez agreed to that waiver. The Supreme Court has been clear in Stolt-Nielsen, in LAMPS Plus, in AT&T Mobility, all cited in our briefs, the primary purpose of the Federal Arbitration Act and the application of the Federal Arbitration Act is to give effect to the terms, agreements, and expectations of the parties. Where the parties are silent on arbitrability of class claims, a court is not to imply or infer any consent to class arbitration. But here, the parties were not silent. The terms chosen clearly recognize class claims are waived other than in arbitration. It couldn't be more clear what the parties intended. The intent of the parties is the class claims would only be brought in arbitration. And the expectations of the parties are clear that Ms. Fernandez-Jimenez was waiving her rights to bring claims other than arbitration, meaning not waiving the right to bring those class claims in arbitration. As I said, in a number of cases, the Supreme Court has been clear on the point that the FAA is to be interpreted to give effect to the express intent and language of the parties. In AT&T Mobility, cited in our brief, the court said arbitration is a matter of contract and the FAA requires courts to honor the parties' expectations. Here, there's simply no ambiguity. The parties were not silent. O'Parent America contemplated class claims. They used that language in the form agreement and insisted that those class claims not be brought other than in arbitration. Could you stay with the precise language of the agreements on Mr. Rosenberg? And let me try this out on you. It seems that when they sat down and signed the agreement, your client arguably had a right to bring or serve as a class member in a lawsuit. But your client a priori had no right to arbitrate as a class. That's what the Supreme Court has told us. There isn't such a right absent an agreement. So given that, you could see why you had only one thing that could be waived, and that's the right to be a class member in a litigation. There was nothing to waive as far as arbitration. So I don't see why we would draw an inference that when you waive the one thing that you have, that somehow creates something that you didn't have, which seems to be the logic of your argument. I think I follow the question, but I want to be clear that LAMPS plus is clear that it says if you just say all claims are to be brought in arbitration, the typical arbitration clause, and you don't expressly contemplate class arbitration, we're not going to impose on what the Supreme Court says. We want to see some evidence of consent that has been contemplated. It says it's got to be unambiguous, right? Absent an unambiguous agreement, there's no right to class arbitration. Absolutely. So where is the unambiguous agreement to arbitrate a class action? All I see is an unambiguous waiver of a right to be in court. At least that's what the language that you point us seems to say. So, and this is the line we talk about, the line that the judge and the district court brought, but if we read that fourth sentence of the agreement, and I think, if I may, actually, I think it's worth going through the agreement. I think it's valuable. In the appendix at page 129, there are several copies of it throughout the briefing and exhibits, but appendix 129, I'm looking at, there are four sentences in this agreement. First sentence, this agreement shall be governed by the laws of the state of Connecticut. I don't think that's an issue. The second sentence, I agree that any dispute with or claim against AIFS, its staff, agents, etc., including those arising out of this agreement or my participation in the program, which is not settled informally, will be exclusively resolved by binding arbitration to be conducted in substantial accordance with the commercial arbitration rules of the American last plus says that if you say all claims have to go to arbitration, that's not enough, and we concede that, but that's not, but that's where the judge threw the line, but we have to read on. The third sentence, the location of the arbitration and identity arbitrators will be decided by mutual agreements with the cost borne by the party. So, that's, that's, again, I don't think that's an issue, and then the last section, which, which the district court called the waiver section. By accepting the terms of this agreement, I agree that the interpretation enforcement of this agreement, and that I, OPERA in America, and AIFS are each waiving the right to judicial or administrative agency resolution of disputes, any right to trial by jury, and lastly, as I put it, and lastly, quote, as well as the right to bring and resolve claims either, either in an individual capacity or as a member of any class action by any means and in any form other than arbitration conducted by the American Arbitration Association. So, so your client clearly didn't waive, it's very clear your client did not waive whatever right they had to arbitrate a class action. That, that's, that's clear, but that begs the question, did they have such a right, and what do you point to to say they had such a right? Because, because all of the jurisprudence from the Supreme Court on that, on this point, and, and, and, I mean, if it's well settled in the circuits, is it's not that you start with the presumption that it's precluded. You start with the presumption that the parties are free to contract as to what they will arbitrate, and here they said all claims go to arbitration, and then they clarified what they're waiving. You're waiving the right to bring it in trial or an administrative agency and class actions except in arbitration. So, even if we acknowledge that, even if we take the court's sort of assignment of this section to be a, quote, waiver provision, that's fine. It still doesn't change the fact that what she is agreeing to waive on its, on its face, is the right to bring class claims other than in arbitration. Mr. Rosenberg, I think the question bears further examination as Judge Kayada has been suggesting to you. It's pretty clear that it's not just the general intent to arbitrate all claims that gives you a right to arbitrate class claims. So, let's just knock that underpinning out of your argument. The Supreme Court, because of what they believe to be significant differences between arbitration of class claims and litigation of class claims, has imposed special requirements, and it says there has to be a specific agreement set forth in the arbitration agreement that is clear and unambiguous, and the burden is on your client. Now, you have asserted that it is unambiguous, but the trial judge disagreed with you, and Judge Kayada's questions suggest that what is unambiguous is the waiver of your right to litigate class claims, but the agreement itself is not without some difficulty as being read as clearly giving you a right to arbitrate class claims. So, if there's the least ambiguity, then we have to affirm. Those are our instructions from the Supreme Court. So, can you please hone in on that? Yes, thank you, Judge. And to Judge Kayada, I apologize if I misdirected my comments regarding this question. I want to address one of your points, Judge Lynch, first, which is the notion that the agreement to arbitrate all claims, we don't argue that that phrase in the second sentence gives us a right to class attempting to respond. So, let's knock that out. What else do you have? Correct, correct. But just to put a finer point on it, that Lance Plus says that when you say all claims, that's not enough. It's not preclusive, but it's not enough. So, I go to the last sentence, which is this waiver provision, as the judge called it, and to your point about how is it ambiguous. Again, the plain language is that my client is waived any right to bring and resolve claims either in an individual capacity or as a member of a class action by any means in any form other than arbitration. So, the point is the inclusion of other than arbitration makes it unambiguous. Okay, we have it. Thank you. You've reserved some time. Thank you, Judge. Thank you. Thank you, Attorney Rosenberg. Please mute your camera and your audio. Thank you. And, Attorney Tucker, please introduce yourself on the record to proceed. Good morning, your honors. I am Robert Tucker appearing on behalf of appellees and cross appellants. May it please the court. Ms. Fernandez-Gimenez makes one argument on appeal. I will first address her argument that the district court abused its discretion in finding that the party's arbitration agreement does not unambiguously provide for class and collective arbitration. The standard is not abuse of discretion. We're interpreting a contract. That is a matter of law for us. So, let's just put that aside. I suspect your argument is the same regardless. Correct, your honor. I would just add that it's my understanding that in reviewing a granting or denial of a preliminary injunction in motion that that standard is abuse of discretion. Yes, but it turns on likelihood of success. So, go ahead with your argument. Ms. Fernandez-Gimenez has not sustained and cannot sustain her burden to prove that the agreement unambiguously provides for class and collective arbitration. Consistent with the holding in lamps plus the district court correctly held that au pair in America or APIA may not be compelled to submit to class or collective arbitration of Ms. Fernandez-Gimenez's claims because their agreement known as the terms and conditions agreement does not unambiguously provide for class and collective arbitration. Ms. Fernandez-Gimenez contends that an out of context reference to quote class action in the party's agreement demonstrates that the parties unambiguously agreed to class and collective arbitration. This argument is a red herring designed to distract the court from the conspicuous and critical absence of the terms class arbitration and collective arbitration from the party's distraction. Just take them on their face. They're saying that because she expressly waived class litigation outside of arbitration, that's a sufficiently clear inference that she must have not waived it for arbitration. So, what do you think of that on the merits? Understood your honor. I think that that amounts to silence which under Stolt-Nielsen would say that that is insufficient to find a contractual unambiguous basis for class and collective arbitration. And as your honor noted earlier, that phrase the class action appears in what the district court termed the waiver clause and only explains what claims have been waived. The term class action does not appear in the clause that defines the scope, form, and method of arbitration which the district court termed the substantial accordance clause. And there's otherwise no language in that clause that even arguably provides for class and collective arbitration much less unambiguously provides for it. You know, um um it drafted the waiver clause. It could have been a little clearer that you know this is a waiver clause even though we maybe you can read it by implication to say oh you do have the right to arbitrate class claims. We're not trying to hide the ball from you. Instead your client didn't do that. And then to an au pair who may be not that conversant with American idiom, they might reasonably have thought that that meant oh okay we're giving up litigation but we still have the right in arbitration. And then you put in language that suggests that any disputes about what the agreement means should go to the arbitrator. Now they've given up the claim that the issue should have gone to the arbitrator. They've expressly stipulated it's issue of law. But and it may very well be that under lamps plus this is not sufficient to show a absolutely crystal clear agreement to arbitrate. But your client might want to think about the you're in. Understood your honor and and that point well taken. I would just five minutes remaining yeah just just a couple of notes your honor. The first is I would just say that you know the the the APIA's intent here was not to deceive or mislead. And that there's no evidence in the the record below before the district court about their intent on that provision. And then also and I understand your point generally about clarity in the agreement and and and that's again well taken. But I just want to point out that in lamps plus the supreme court addressed the question of you know does the fact that the party who drafted it you know can can you construe the ambiguity against the drafter. And the supreme court clearly said the answer that question is no. That questions of ambiguity will not be. That may be that may be but my point was really different. You're in litigation because of language you chose. You want to avoid litigation maybe some greater clarity would be in order. Understood your honor. With my remaining time unless the judges have any other questions I'd like to focus on the cross appeal at this time. And where the district court declined to issue an order in joining Ms. Fernandez-Gimenez from proceeding with any class or collective arbitration against William Gertz an employee of APIA. So Mr. Tucker I understood that there was a stipulation by Mr. Gertz in the settlement of the Middlesex state court action that he would be bound by the outcome of a arbitration that was merely a bilateral arbitration and not a class arbitration. So if in fact there is an affirmance of the essential thrust of the district court that there's sufficient ambiguity here and therefore it's resolving the question no you can't have class arbitration. Why is the Gertz issue in front of us? Well your honor excellent question and I would say and I think what your honor is getting mad at the question of whether this is a moot issue. Yeah yeah. Yeah we would argue your honor that it is not because unlike an order from this court the agreement between Mr. Gertz and Ms. Fernandez-Gimenez is not self-enforcing. It's possible Ms. Fernandez-Gimenez will not honor the agreement or argue that it's unenforceable. So in order from this court granting the appeal. Have you ever asked them? Have you ever asked them? Asked them your honor? Yeah you know are you going to go after Mr. Gertz even if you lose this appeal? We have not your honor just because we haven't gotten that far. But you know there's always a right of any party to a contract or an agreement to argue that the agreement is unenforceable. You know courts are reluctant to make law that we don't have to. If they turn around and do that which would surprise me given the costs of litigation. You've got a perfectly good defense that you know you've got an agreement here. I understood your honor. Okay anything else Mr. Tucker? No I would just going back to the argument on Mr. Gertz if I could just quickly summarize. It's undisputed that at the time this issue was before the district court that Mr. Gertz had not Ms. Fernandez Jimenez. Despite that lack of agreement Ms. Fernandez Jimenez had commenced the class and collective arbitration against both APIA and Mr. Gertz. And so Mr. Gertz was entitled from the injunction because as well established as Mr. Rosenberg mentioned earlier arbitration is a matter of contract and consent and there was an absence of that entirely with respect to Mr. Gertz. Thank you your honor. Thank you. Mr. Tucker please mute your audio and video at this time and attorney Rosenberg please reintroduce yourself on the record to begin. Thank you Nick Rosenberg again for the appellant and cross appellate Ms. Fernandez Jimenez. Mr. Rosenberg um if you lose this appeal um given this stipulation uh entered in the Middlesex court um is uh are you prepared to make a representation one way or the other about whether the Gertz issue is now would be mooted? Well yes I mean the agreement between the parties was we we brought arbitration Mr. Gertz asserted that he had never signed the arbitration agreement wasn't we know all of that so do you answer the question? Yes I'm just I want to make sure I answer the correct the question you're asking would we the agreement was that if the court were to reverse the district court so that Ms. Fernandez could assume assume that the court affirms the district court sorry judge I mean is the Gertz issue moot or is it a live issue? It's moot in the sense that we would do what the agreement says which we would proceed bilaterally in in arbitration or if he claims he's not susceptible to arbitration we proceed in court I think I think he's reserving the right to assert that he's a third party beneficiary of that arbitration agreement so can compel bilateral arbitration if that's the case. I'm sorry I I didn't I thought the middle sex stipulation was not subject to conditions like that have I misunderstood it? I think the agreement I apologize I don't have a firm I think the agreement was that uh if if you were to reverse we'd all arbitrate uh against both parties as a class and if not the the arbitration is bilateral as to both parties and we we would stand by the whatever agreement was made. Okay now what is it you intended to say to us? Sorry judge thank you thank you and I hope I clarify that I apologize that I'm not I don't have that agreement in front of me but but there we have no intention of arguing that the agreements are unenforceable or otherwise um that we're not going to follow them um I just want to go back to and I know I know we talked about this but I just want to clarify if I can and attempt one more time that that we're not we're not arguing that um or is not that because uh or I apologize that there was there was a suggestion that we're arguing that the waiver of of class claims um or the waiver of class claims outside of arbitration somehow implies that there's a a consent to arbitrate class claims in arbitration. Um our argument is not is not that there's an inference because they were waived outside and therefore they must be permitted inside. It's a much more simple if I may argument which is that the parties said what they're waiving and what they're waiving is the claims those those class claims other than in arbitration um and again we look to contract law and a contract is ambiguous if it's susceptible to two possible meanings and here to have an agreement and to meet the expectation of Ms. Fernandez who signed this agreement which is the guiding principle what the party's expected she signed an agreement that said she would waive her claims her class claims other than in arbitration that cannot be read in a way to say that it's not and to require nothing in lamps plus my final point judges is nothing in precedent requires the parties to explicitly say we I she has the right to bring these in arbitration it says she waives them outside and she doesn't waive them within arbitration so again Mr. Rosenberg thank you thank you that concludes argument in this case attorney Rosenberg and attorney Tucker you should disconnect from the hearing at this time